CARL E. STEWART, Circuit Judge,
with whom POLITZ, WIENER, BENAVIDES and DENNIS, Circuit Judges, join, dissenting:
The majority has held that the plaintiffs in this case did not limit their challenge to final agency actions of the United States Forest Service, and that therefore the district court exceeded its jurisdiction in hearing the plaintiffs claims. Based on the record in this case and applicable case law I cannot agree with the conclusion reached by the majority. For the following reasons I respectfully dissent.[1]
The majority opinion relies primarily on the Supreme Court’s decision in Lujan v. National Wildlife Federation, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). From the beginning, I have disagreed with the majority’s broad interpretation of the Lujan holding. The facts of the present case are significantly different from those in Lujan, and the holding of that case does not foreclose the type of challenge put forth by the plaintiffs in the present case.
The plaintiffs in Lujan challenged the “land withdrawal review program” of the Bureau of Land Management (“BLM”). Lujan, 497 U.S. at 890, 110 S.Ct. 3177. The Supreme Court emphasized that the “land withdrawal review program” challenged by the plaintiffs did not “refer to a single BLM order or regulation, or even to a completed universe of particular BLM orders and regulations, [the land withdrawal review program] is simply the name by which petitioners have occasionally referred to the continuing operations of the BLM ...” Id. The plaintiffs in Lujan made an extremely broad and general challenge to agency actions. The Lujan plaintiffs failed to identify any single BLM order, regulation or coherent set of policies that they felt had been violated.
Clearly, the plaintiffs allegations in the present case are infinitely more developed and specific than the allegations made by the plaintiffs in Lujan. The majority concedes that in this litigation the plaintiffs “identified specific Forest Service acts which they allege violate the NFMA.” The majority also acknowledges the specific allegations set forth by the plaintiffs in the Fourth Amended Complaint. The Fourth Amended Complaint demonstrates that the plaintiffs complained of specific decisions by the Forest Service to permit even-aged timber management and timber sales. The plaintiffs did not challenge the Forest Service management procedures as a whole, but instead identified the specific harms which they sought to have redressed. The Fourth Amended Complaint alleges that:
From on or about August 22, 1991, through September 26,1991, Defendants made decisions to sell timber by even- *573 aged logging on at least 16 compartments in all four national forests in Texas. Defendants will make these sales in the near future, unless restrained. Parties appealed these 16 administratively. Defendants always denied the appeals, in a standard way ... Attached as Exhibit A is a list of some of the sales.
(R. 5024). Exhibit A lists the specific compartments marked by the Forest Service for timber sales. The majority has also acknowledged the “Supplemental Complaint” submitted by the plaintiffs identified 18 scheduled even-age cutting decisions. Thus, unlike the plaintiffs in Lujan who faded to identify “a single [agency] order or regulation, or even ... a completed universe of particular [agency] orders and regulations,” the plaintiffs in this case have continuously identified specific agency actions which they allege violate the NFMA. Perhaps the most telling piece of evidence from the record is the fact that the district court was able to conduct a seven-day bench trial on the plaintiffs allegations regarding the even-aged management practices of the Forest Service in this case. The evidence submitted at trial focused on specific sales and specific pieces of land.
The majority does not dispute that in the Fourth Amended Complaint, and the “Supplemental Complaint” the plaintiffs cited specific timber sales and actions taken by the Forest Service which they alleged violate the NFMA. It appears that the majority’s central argument is that the plaintiffs pleadings also contain general allegations regarding the Forest Service’s even-aged management and clearcutting practices. The majority is suggesting that the use of these general allegations dilutes or negates the existence of the plaintiffs specific allegations challenging specific timber sales and specific decisions made by the Forest Service.
Lujan does not prohibit plaintiffs from combining both general and specific allegations in their complaint, instead Lujan simply requires that a plaintiff must direct its attack against “some particular ‘agency action’ that causes it harm.” Id. The Supreme Court stated that the purpose of requiring a plaintiff to challenge a specific agency action is to insure that “the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant’s situation in a fashion that harms or threatens to harm him.” Id. In the present action, the plaintiffs allegations fit squarely within these parameters. The plaintiffs in the Fourth Amended Complaint, their Request for Trial, and their Supplemental Complaint listed the specific compartments where the Forest Service allegedly violated the NFMA through its clearcutting, timber harvesting, and even-age logging practices. The plaintiffs were able to reduce their more general allegations to a manageable proportion that allowed the district court to conduct a bench trial on specific compartments of land in the Texas forest. Contrary to the intimation of the majority opinion, the experienced trial judge below was not oblivious to the parameters of Lujan when he embarked on the trial at issue. See Sierra Club v. Glickman, 974 F.Supp. 905, 914.
Unlike the majority, I view the allegations made by plaintiff Sierra Club in the present case to be strikingly similar to the allegations made by the Sierra Club in Sierra Club v. Martin, 168 F.3d 1 (11th Cir.1999). In Martin, the plaintiffs challenged the “Forest Service’s decision to allow seven timber sales ... which will enable logging (including clearcutting), road building and related activities.” Id. at 2. Although the sales had not been completed the court concluded that the plaintiffs were “entitled to challenge the Forest Service’s compliance with the [LRMP] as part of its site-specific challenge to the timber sales ... a contrary result would effectively make it impossible for a plaintiff to ever seek review of the Forest Service’s compliance with a Forest Plan.” Id. at 6. In the present case, as in *574 MaHin, the plaintiffs have challenged the Forest Service’s decision to allow timber sales which enable clearcutting. Similarly to Martin, the plaintiffs made site-specific challenges to timber sales, which enabled even aged timber management practices to occur which they claimed violated the NFMA.
Moreover, although the majority opinion and this dissent focus on the issue of final agency action, it is important to note that there was much more at stake in this litigation besides this court’s differing interpretations of case law. The district court found on the merits that the Forest Service had violated and was continuing to violate the NFMA through their management practices. See Glickman, 974 F.Supp. at 911-12. The district court found, inter alia, that the Forest Service’s even-aged management practices were causing severe erosion of soil which permanently impairs the productivity of the forest land. See id. at 926. In this appeal, the Forest Service did not challenge these findings made by the district court. To the extent that the majority opinion has made it more difficult for plaintiffs to challenge NFMA violations committed by the Forest Service this decision by our court may contribute to the erosion of the natural resources in the Texas national forests. Mindful of these practical implications of the majority opinion and the applicable case law I respectfully dissent.

. Too many trees have already been spent, literally and figuratively, to warrant a lengthy dissent recounting all of the complicated factual and procedural history of this case. For a fuller explanation of the factual and procedural background, and the district court’s findings on the merits of the plaintiffs’ claims see the original panel opinion in this matter at 185 F.3d 349 (5th Cir.1999).